IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DORREATHA S. CORNISH, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1919-LPS |
| WAL-MART STORES EAST, LP, | : |
| Defendant. | : |

Dorreatha S. Cornish, Lincoln, Delaware, Pro Se Plaintiff.

Charles Arthur McCauley, III, Esquire, Zarwin Baum DeVito Kaplan Schaer Toddy P.C. and Ivo Becica, Esquire. Counsel for Defendant.

**MEMORANDUM OPINION**

March 10, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Dorreatha S. Cornish ("Plaintiff") filed this action pursuant to 42 U.S.C. § 2000e-5, alleging employment discrimination. (D.I. 2) She proceeds *pro se* and was granted leave to proceed *in forma pauperis*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff filed an amended complaint on September 4, 2014. (D.I. 8) Presently before the Court is Defendant Walmart Stores East, LP's ("Defendant") motion to dismiss Plaintiff's complaint and amended complaint as well as Plaintiff's opposition thereto. (D.I. 13, 14, 15, 17) For the reasons that follow, the Court will grant in part, and deny in part, Defendant's motion.

## II. BACKGROUND

Plaintiff alleges that discrimination occurred on March 16, 2012, when her employment with Defendant Wal-Mart was terminated. The Complaint alleges race (African American), age (45), and marital status (single) discrimination. (D.I. 2) Attached to the original complaint is a notice of suit rights from the U.S. Equal Employment Opportunity Commission ("EEOC") for EEOC Charge No. 17C-2012-00515, dated August 15, 2013. (D.I. 2 Ex.) Plaintiff filed an amended complaint to clarify her claims and attached to it her charge of discrimination. (D.I. 8 Ex.)

Defendant employed Plaintiff as a baker. Plaintiff alleges she was discriminated against by never becoming a department manager during her tenure with Defendant. The charge of discrimination states that Plaintiff was told she was being discharged because she did not pass one of six competencies. The charge states that Plaintiff was not previously advised of the requirement that she pass competencies, and she was assured by her zone manager and her immediate supervisor that she would not be fired. The charge states that Plaintiff's co-workers, who were female, white, and married, had similar performance issues but were not discharged and instead were offered transfers

1

to other departments. Plaintiff was not offered a transfer. Finally, the charge states that Defendant would not allow Plaintiff to change her availability to work earlier shifts, but it allowed younger employees to work earlier shifts performing Plaintiff's job. (D.I. 8 Ex.)

Plaintiff seeks injunctive relief as well as compensatory and punitive damages. She also requests counsel.

### III. STANDARDS OF LAW

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Plaintiff alleges that race, age, and marital status discrimination resulted in the termination of her employment. Defendant moves for dismissal on the grounds that the facts as pled are insufficient to state claims for relief. More particularly, Defendant argues that Plaintiff cannot assert claims of age and marital status discrimination under Title VII. In addition, it argues that Plaintiff fails to allege facts sufficient to support claims of age and race discrimination.

Under Title VII, a claim of sex discrimination may be premised upon marital status, known as "sex-plus" problem. *See Bryant v. International Sch. Servs.*, 675 F.2d 562, 573 n.18 (3d Cir. 1982) (noting that a sex-plus claim arises where "employer adds a criterion or factor for one sex (*e.g.*, marital status), which is not added for the other sex"). Plaintiff's allegations fail to provide sufficient facts to indicate she was treated less favorably than a male comparator, or evidence of any other

circumstances, such as impermissible stereotyping, that raise an inference of gender discrimination under Title VII. *See, e.g., Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) ("[S]tereotyping of women as caregivers can by itself and without more be evidence of an impermissible, sex-based motive."). Therefore, the Court will grant the motion to dismiss the marital status discrimination claim. Plaintiff will be given leave to amend the claim.

Having reviewed the race and age discrimination claims (including the charge of discrimination) and, as the Court must, liberally construing the allegations contained therein, the Court finds the allegations for both race and age[1] discrimination are sufficient to survive Defendant's motion to dismiss for failure to state claims upon which relief may be granted.

Plaintiff requests counsel in her prayer for relief. The Court will deny the request without prejudice to renew and will consider such a request again upon the filing of a motion with facts supporting the request.

## V. CONCLUSION

For the above reasons, the Court will grant in part and deny in part Defendant's motion to dismiss. (D.I. 13). Plaintiff will be given leave to file a second amended complaint. Plaintiff's request for counsel will be denied without prejudice to renew.

An appropriate Order will be entered.

---

[1] Because Plaintiff proceeds *pro se*, she need not specifically refer to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), in order to survive dismissal of the claim. *See Johnson*, 135 S.Ct. at 346 (complaint may not dismissed for imperfect statements of legal theory supporting claim asserted).

4